IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES EDWARD NOTTINGHAM, MV4522,** | : | CIVIL ACTION NO. 1:21-CV-396 |
| | : | |
| | : | (Judge Conner) |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA; MATTHEW W. BRANN, JUDGE; KAROLINE MEHALCHICK, MAGISTRATE JUDGE; and JOSH SHAPIRO, PA. ATTORNEY GENERAL,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

*Pro se* plaintiff James Edward Nottingham asserts civil rights and various other claims against this district court, two judges of this court, and Pennsylvania's Attorney General. When Nottingham filed the complaint, he also moved to proceed *in forma pauperis*. Our preliminary review of the complaint reveals that it is deeply flawed in several respects. Nottingham fails to provide defendants with adequate notice of the nature of the claims against them in violation of Federal Rule of Civil Procedure 8(a), and certain of his claims are barred by the doctrines of sovereign and judicial immunity. For the reasons that follow, we will grant Nottingham's request to proceed *in forma pauperis* but dismiss the complaint with limited leave to amend.

I.      **Factual Background & Procedural History**

Nottingham's complaint offers very little in the way of factual background. He names as defendants the United States District Court for the Middle District of Pennsylvania; Matthew W. Brann, a United States District Judge in this district; Karoline Mehalchick, the Chief United States Magistrate Judge in this district, and Josh Shapiro, the Attorney General of the Commonwealth of Pennsylvania. (See Doc. 1 at 2-3). Nottingham alleges that "the events complained of occurred in" three federal lawsuits he filed in this district: Nottingham v. Pennsylvania Attorney General, No. 4:18-CV-2002 (M.D. Pa.) (Brann, J.); Nottingham v. Cooley, No. 4:19-CV-595 (M.D. Pa.) (Mehalchick, M.J.); and Nottingham v. Harry, No. 3:19-CV-1949 (M.D. Pa.) (Brann, J.). (See Doc. 1 at 4). He alleges "the initial date of the allegations complained of started on October 16, 2018, or thereafter." (Id.) We take judicial notice of the fact that October 16, 2018, is the date Nottingham's petition for writ of habeas corpus was docketed in the first of the three cited lawsuits. See FED. R. EVID. 201; see also Nottingham, No. 4:18-CV-2002, Doc. 1 (M.D. Pa. Oct. 16, 2018).

In the section of the form complaint that asks the plaintiff to outline the "facts underlying your claim(s)," Nottingham wrote the following:

> The defendants obstructed the proper administration of justice by entering false and fictitious information (perjury) to deny the plaintiff his constitutional rights and violated the Federal Rules of Civil Procedure. A breach of sworn oath duty under color of law. A fraud of the deprivation of the intangible right to honest services of public officials that conspired to defraud by interference with government functions. And due process that result was a longer prison stint during the COVID-19 pandemic. An imminent danger and irreparable harm. A deliberate indifference

> endangering of the welfare of another person being unlawfully imprisoned, by the defendants herein and the above cases that the Judges and the Attorney General are failing to prosecute for their felonious acts committed. These actions undermine the public[']s trust, and safety. Failure to defend the United States Constitution.

(Doc. 1 at 4). Under the heading "Legal Claims," Nottingham asserts violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as a host of other claims: "(1) conspiracy[,] (2) perjury[,] (3) fraud[,] (4) obstruction of justice[,] (5) treason[,] (6) treachery[,] (7) sedition[,] (8) endangering the welfare of another person[,] (9) unlawful imprisonment[,] (10) breach of duty[,] (11) malice of prosecution[,] (12) official misconduct[,] (13) Brady violations[, and] (14) aiding and abetting the enemy." (Id. at 5).

## II.  Legal Standards

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This initial screening is to be done as soon as practicable and need not await service of process. See id. If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. Id. § 1915A(b)(1). District courts have a similar screening obligation with respect to complaints filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the

3

motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In screening complaints under Sections 1915A, 1915(e), and 1997e, courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).  Rule 12(b)(6) provides for dismissal of complaints that fail to state a claim upon which relief may be granted.  See FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a

claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion[1]

Nottingham's complaint suffers from both factual and legal defects. As a threshold matter, his complaint violates Federal Rule of Civil Procedure 8, which establishes the general rules of pleading. See FED. R. CIV. P. 8(a). Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, providing that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the plaintiff to provide "the defendant

---

[1] This case was assigned to the undersigned pursuant to Standing Order 19-06. See M.D. PA. STANDING ORDER 19-06 (June 24, 2019). Under that order, when a civil action is filed in this district against a judge or magistrate judge of this district, the case is assigned to a district court judge in a vicinage other than where the named judge sits. See id. The assignee judge must then screen the complaint. If the assignee judge finds "the suit to be frivolous" or determines that "judicial immunity plainly is applicable," the judge need not recuse. Id. In any other case, the assignee judge shall notify the Clerk of Court and the case will be reassigned outside of the district. See id. Because we conclude that sovereign and judicial immunity, respectively, bar Nottingham's claims against this district court and the defendant judges, recusal is unnecessary.

5

notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Twombly, 550 U.S. at 555). Legal labels and conclusory assertions will not suffice; a complaint must include enough facts to "raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

Nottingham has failed to meet these basic pleading requirements. Indeed, his complaint does not contain a single allegation of fact, beyond identifying the date on which he filed his first petition for writ of habeas corpus. (See Doc. 1 at 4). Nottingham does not tell the court what exactly he believes defendants have done wrong in presiding over or participating in the various lawsuits he has filed in this district, nor does he explain how exactly defendants committed any of the myriad legal violations asserted generally in his complaint. The only information we can glean from Nottingham's pleading is that he is displeased with some unspecified "events . . . [that] occurred in" three prior lawsuits. (See id. at 4). The complaint entirely fails to put defendants on notice of what Nottingham's claims are or the grounds upon which they rest. See Phillips, 515 F.3d at 232 (quoting Twombly, 550 U.S. at 555). We will thus dismiss his complaint for failure to satisfy the minimum pleading requirements of Rule 8(a).

Nottingham's complaint is legally deficient in a number of respects as well. Nottingham first names this district court as a defendant. But district courts are "part of the judicial branch of the United States Government" and thus "entitled to sovereign immunity." See Jones v. U.S. Dist. Ct. for the Dist. of Del., 649 F. App'x 132, 133 (3d Cir. 2016) (nonprecedential) (*per curiam*) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)); Alston v. Admin. Offs. of Del. Cts., 663 F. App'x 105, 108 (3d

6

Cir. 2016) (nonprecedential) (*per curiam*) (same); see also Snider v. United States, No. 4:18-1789, 2018 WL 4760840, at *5 (M.D. Pa. Oct. 2, 2018) ("The United States District Court for the Middle District of Pennsylvania is part of the judicial branch of the federal government and is therefore entitled to sovereign immunity absent a waiver." (citing Alston, 663 F. App'x at 108)).  There being no waiver applicable to this case, we will dismiss Nottingham's complaint against the district court with prejudice.

Nottingham also names two of this court's judicial officers as defendants: United States District Judge Matthew W. Brann and Chief United States Magistrate Judge Karoline Mehalchick.  Judges, however, are entitled to absolute immunity from suits for monetary damages for all actions taken in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 9 (1991) (*per curiam*) (collecting cases).  Precedent on this point is clear: "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority."  Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citation omitted).  Rather, a judge may be subject to liability only when they have "acted in the 'clear absence of all jurisdiction.'" Id. at 356-57 (citation omitted).

Nottingham's complaint is sparse, but he clearly states that his claims against Judge Brann and Chief Magistrate Judge Mehalchick arise from "events . . . [that] occurred in" three civil actions over which the defendant judges presided. (See Doc. 1 at 4).  The complaint is devoid of any allegation that either judge took any affirmative action beyond the scope of their respective jurisdiction or judicial capacity.  To the contrary, the complaint plainly concerns actions that were taken

7

within the context of the judicial office and in the course of litigation filed before the judges. Accordingly, we will dismiss Nottingham's claims against Judge Brann and Chief Magistrate Judge Mehalchick with prejudice.[2]

Nottingham's claims against Attorney General Shapiro encounter a legal hurdle too. The Eleventh Amendment precludes private federal litigation against a state and its agencies. See U.S. CONST. amend. XI; Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Lombardo v. Pennsylvania, 540 F.3d 190, 194-95 (3d Cir. 2008). This jurisdictional bar applies both to state agencies and to officials thereof sued in their official capacities, because a suit against a state official in their official capacity "is not a suit against the official but rather is a suit against the official's office." See Hafer v. Melo, 502 U.S. 21, 25-27 (1991) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); Allen v. N.J. State Police, 974 F.3d 497, 506 (3d Cir. 2020) (same). Therefore, to the extent Attorney General Shapiro is sued in his official capacity, the claims against him will be dismissed with prejudice. Nottingham may

---

[2] We also note that it is entirely unclear whether Nottingham even has a viable Bivens claim against any federal defendant following the United States Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. ___, 137 S. Ct. 1843 (2017), which warned that "expanding the Bivens remedy" to new contexts not previously recognized by the Court "is now a 'disfavored' judicial activity." Ziglar, 137 S. Ct. at 1857. It does not appear that any of Nottingham's vaguely articulated claims would fall within a recognized Bivens context. See Bistrian v. Levi, 912 F.3d 79, 89 (3d Cir. 2018) (observing that the Supreme Court has recognized a Bivens remedy in "three contexts," specifically, violation of the Fourth Amendment's right against unreasonable searches and seizures, gender discrimination in the employment context in violation of the Fifth Amendment's right to due process, and inadequate prison medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment (citations omitted)).

proceed against Attorney General Shapiro in this court only to the extent he is sued in an individual capacity.  See Hafer, 502 U.S. at 13.

The Third Circuit Court of Appeals requires district courts to grant leave to amend before dismissing a civil rights complaint when curative amendment is conceivable.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  As we have explained, Nottingham's claims for damages against the district court, Judge Brann, Chief Magistrate Judge Mehalchick, and Attorney General Shapiro in his official capacity are legally deficient and thus incapable of being cured.  Although we harbor doubts regarding Nottingham's ability to plead an individual-capacity claim against Attorney General Shapiro, we cannot say as a matter of law at this time that such a claim is inconceivable.  Accordingly, we will grant Nottingham leave to amend as to that claim alone.

**IV.     Conclusion**

The court will dismiss Nottingham's complaint with leave to amend as set forth above.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     April 9, 2021